UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT ALLEN KITCHEN, SR.,  :
    Plaintiff  :
      :
    v.  :  CASE NO. 1:16-CV-2129
      :
PA BOARD OF PROBATION AND  :
PAROLE, *et al.*,  :
    Defendants  :

*M E M O R A N D U M*

*I.*    *Introduction*

Before the court is the report (Doc. 16) from Magistrate Judge Joseph F. Saporito, Jr. recommending that Defendants' motion (Doc. 13) to dismiss for failure to state a claim be granted and that Plaintiff's complaint be dismissed without leave to amend. For the following reasons, the court will grant Defendants' motion to dismiss, but will allow Plaintiff an opportunity to amend his complaint.

*II.*    *Background*

On October 21, 2016, Plaintiff Robert Allen Kitchen, Sr. filed a civil rights action based on 42 U.S.C. § 1983 against the Pennsylvania Board of Probation and Parole (BPP), Pennsylvania state parole agent Jeffrey Ruzicki (Ruzicki) in his individual capacity, and Pennsylvania state parole agent Douglas Schaeffer (Schaeffer) in his individual capacity.[1] (Doc. 1). Plaintiff amended his complaint as a matter of right on November 4, 2016. (Doc. 8).

---

[1] The three defendants are often referred to collectively as "Defendants."

In his amended complaint, Plaintiff alleges that Ruzicki and Schaeffer, acting under color of state law, violated his constitutional rights to due process[2] and equal protection guaranteed by the Fourteenth Amendment to the United States Constitution. (Doc. 8 at 3). He claims that Ruzicki and Schaeffer co-authored a Supervision History Report (SHR) in which they intentionally falsified probation violation information and purposefully omitted information favorable to Plaintiff. (Id. at 5). This SHR was provided to the trial court for use in sentencing Plaintiff for violating the terms of his probation, and was "referred to, relied upon, and used by the Court in deciding what sentence to impose upon Plaintiff." (Id.) Plaintiff alleges that the submission of, and reliance on, this falsified SHR resulted in a sentence of three to six years in state prison, with a credit of 119 days for time served. (Id.) This initial sentence was imposed on April 11, 2012. (Id.)

According to Plaintiff, after he received a copy of the SHR, he embarked on a lengthy appeal process to challenge the validity of his sentence. (Id.) On August 28, 2013, the Superior Court of Pennsylvania vacated the April 11, 2012 sentence, and remanded the case for resentencing. Commonwealth v. Kitchen, No. 1217 MDA 2012, 2013 WL 11256394, at *1 (Pa. Super. Ct. Aug. 28, 2013).[3] The Superior Court found

---

[2] Plaintiff does not specify whether he is asserting a procedural or substantive due process claim, and Defendants did not address this preliminary issue. From the character of Plaintiff's allegations, it appears he is asserting that his substantive due process rights were violated when the named parole-agent defendants intentionally provided false and damaging information to the sentencing court, which relied upon that information to impose Plaintiff's initial parole-revocation sentence.

[3] Judicial opinions are public records, of which this court may take judicial notice in deciding a motion to dismiss. See Zedonis v. Lynch, 233 F. Supp. 3d 417, 422 (M.D. Pa. 2017) (Caldwell, J.) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1197 (3d Cir. 1993) and Dean v. Copozza, No. CIV.A. 13-41, 2013 WL 1787804, at *1 (W.D. Pa. Apr. 10, 2013)).

that vacatur and remand were required because the sentencing court failed to request a pre-sentence investigation report (PSI), or alternatively to conduct an appropriate colloquy explaining the reasons for not ordering a PSI. Id. at *4.

After his sentence was vacated, Plaintiff alleges that he was eventually permitted to challenge the contents of the SHR. (Doc. 8 at 5). He asserts that in June of 2014, a hearing was held where "[i]t was proven . . . that the majority of the violations contained in the report were false and unverifiable" and "that key information showing [his] compliance with certain conditions of parole [was] omitted from the report." (Id.)

On September 17, 2014, Plaintiff was resentenced to a term of two and one-half years to six years' imprisonment, with a credit of 2,101 days for time served, "effectively cutting [his] sentence in half[.]" (Id.) He was released from prison on December 17, 2014, the maximum release date under the revised sentence. (Id.)

Plaintiff is suing Ruzicki and Schaeffer in their individual capacities, seeking monetary damages totaling $750,000, which includes punitive damages. (Id. at 6). He is suing the BPP for "fail[ure] to properly supervise, train[,] and instruct Defendants Ruzicki and Schaeffer." (Id. at 4).

On January 13, 2017, Defendants filed a motion to dismiss for failure to state a claim. (Doc. 13). Defendants argue that Plaintiff's § 1983 claims are barred by both Heck v. Humphrey, 512 U.S. 477 (1994), and the statute of limitations. (Doc. 14 at 4-8). Plaintiff failed to respond to the motion to dismiss despite being given a sua sponte extension until April 25, 2017, and thus the motion was considered unopposed pursuant to Middle District of Pennsylvania Local Rule 7.6. (Doc. 16 at 1-2). Judge Saporito found that Plaintiff's claims were barred by Heck v. Humphrey, and did not address

3

Defendants' statute of limitations argument. (Id. at 7-11). Judge Saporito recommended that Plaintiff's complaint be dismissed and that leave to amend be denied because "amendment in this case would be futile." (Id. at 11-12). No objections to the report and recommendation were filed.

*III.        Standard of Review*

When a party objects to a magistrate judge's report and recommendation, the district court must review de novo the contested portions of the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3. Uncontested portions of the report are reviewed for "clear error on the face of the record." Clouser v. Johnson, 40 F. Supp. 3d 425, 430 (M.D. Pa. 2014) (quoting Cruz v. Chater, 990 F. Supp. 375, 375-78 (M.D. Pa. 1998) (quoting 1983 Advisory Committee Notes to Federal Rule of Civil Procedure 72(b))).

At the motion to dismiss stage, Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Bronowicz v. Allegheny County, 804 F.3d 338, 344 (3d Cir. 2015 (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In general, documents properly considered at the motion to dismiss stage are limited to "the complaint, exhibits attached to the complaint[,] and matters of public record." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. at

232 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32.  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556).  A claim is facially plausible when the plaintiff pleads facts "that allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 678.

Courts should grant leave to amend before dismissing a curable pleading in civil rights actions.  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).  Courts need not grant leave to amend sua sponte when dismissing non-civil rights claims pursuant to Rule 12(b)(6), id. at 252-53, but leave is broadly encouraged "when justice so requires," FED. R. CIV. P. 15(a)(2).

*IV.*     *Discussion*

        A.  Heck v. Humphrey

Defendants first argue that Plaintiff's claims are barred by the favorable termination rule established in Heck v. Humphrey, 512 U.S. 477 (1994).  They assert that success on Plaintiff's § 1983 claims would "impermissibly attack the validity of Plaintiff's probation revocation and the 6-year sentence imposed by the court in April 2012," which was "not reversed, but reimposed by the sentencing court in 2014." (Doc. 14 at 5).  They

5

further maintain that "Plaintiff cannot even show that the revocation of his probation was somehow overturned, or that it was favorably terminated." (Id.)

Judge Saporito agreed that Heck v. Humphrey bars Plaintiff's claims. In his report, he concluded that when considering the revocation proceedings "as a whole," those proceedings "were not terminated in [Plaintiff]'s favor." (Doc. 16 at 9). Relying primarily on Bronowicz v. Allegheny County, 804 F.3d 338 (3d Cir. 2015), Judge Saporito reasoned that although the Superior Court vacated Plaintiff's initial judgment of sentence, unlike the plaintiff in Bronowicz who was ordered immediately released from custody on remand, Plaintiff was resentenced on remand and continued to be incarcerated until his six-year maximum term of imprisonment expired. (Id. at 10). Judge Saporito concluded that Plaintiff's claims are barred by Heck because they "are inconsistent with the judgment of sentence imposed on September 17, 2014, which has not been subsequently 'reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254.'" (Id. at 10-11 (alteration in original) (quoting Heck, 512 U.S. at 486-87)).

The court disagrees. First, the court assumes, without deciding, that success on Plaintiff's substantive due process and equal protection claims would necessarily impugn the validity of his initial parole-revocation sentence and thus implicate Heck v. Humphrey's favorable termination rule. The record shows, however, that this initial sentence was subsequently vacated, and upon remand Plaintiff received a more favorable sentence. This is more than sufficient to demonstrate favorable termination so as to circumvent dismissal under Heck.

6

Heck v. Humphrey requires that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. This rule is often referred to as the "favorable termination rule." Curry v. Yachera, 835 F.3d 373, 378 (3d Cir. 2016) (citing Bronowicz, 804 F.3d at 344-45). However, "[i]f an action will not demonstrate the invalidity of the [underlying conviction or sentence], it should proceed." Id. Therefore, Heck will not bar an action under § 1983 if (1) success on the claim will not necessarily imply the invalidity of an outstanding criminal conviction or sentence, or (2) the plaintiff can establish that the underlying conviction or sentence that would be impugned by success in the civil action was subsequently invalidated, i.e., terminated in the plaintiff's favor.

Defendants argue that in order for Plaintiff to satisfy Heck's favorable termination rule, he must show that revocation of parole itself—not just the initially imposed sentence—was subsequently invalidated. This is more than the law requires for Plaintiff's § 1983 claims. See Powell v. Weiss, 757 F.3d 338, 346 (3d Cir. 2014) (finding that Heck did not bar plaintiff's § 1983 claim alleging wrongful supervision beyond the maximum sentence date when he had already challenged the duration of his original sentence and that sentence was subsequently invalidated by an appropriate court).

It is true, as Judge Saporito notes, that in Bronowicz, on remand, the plaintiff was ordered immediately released rather than being resentenced to a different term of imprisonment. Bronowicz, 804 F.3d at 344. The critical distinction between Bronowicz and the instant case, however, is that the § 1983 claims at issue in Bronowicz

7

were based on the plaintiff's alleged "illegal imprisonment" for thirty months stemming from the parole-revocation sentence that was eventually overturned. Id. at 345. If, on remand, the plaintiff in Bronowicz had been resentenced to a similar term of imprisonment for his parole violations, rather than being released, his claim of "illegal imprisonment" would have impugned the validity of that second sentence and run afoul of Heck.

Plaintiff's situation is different. His § 1983 claims are based on Ruzicki's and Schaeffer's alleged misconduct of intentionally presenting false information on his SHR, which the sentencing judge relied upon to impose an initial parole-revocation sentence that Plaintiff contends was improper. Plaintiff has further shown that this sentence was subsequently vacated by an appropriate state tribunal, and that upon remand he received a more favorable sentence. As the Third Circuit in Powell explained, such an outcome is sufficient to avoid dismissal under Heck. Powell, 757 F.3d at 346.

The court is perplexed by Defendant's argument that Heck bars Plaintiff's claims because the sentencing court's initial 2012 sentence of three to six years' imprisonment with 119 days' credit for time served was "reimposed by the sentencing court in 2014" when Plaintiff was sentenced to two and one-half to six years' imprisonment with 2,101 days' credit for time served. Those sentences are patently distinguishable: the former would result in a maximum term of imprisonment ending in early 2018, whereas the latter provided a maximum term of imprisonment that expired in December of 2014.

Furthermore, as to Defendants' argument that Plaintiff must show that his revocation of parole was overturned or otherwise favorably terminated to avoid dismissal under Heck, this assertion also lacks merit. Plaintiff's § 1983 claims do not allege that revocation of parole was illegal or improper. Rather, they assert that his initial parole-

8

revocation *sentence* was improper due to the alleged misdeeds of Ruzicki and Schaeffer. That sentence was subsequently overturned by an appropriate state tribunal, and a less severe sentence was imposed on remand.

Accordingly, Plaintiff's civil rights claims are not inconsistent with the revised judgment of sentence imposed on September 17, 2014. At most, they could be seen as implying the invalidity of Plaintiff's initial 2012 revocation-of-parole sentence. Heck does not bar such claims, however, because Plaintiff can satisfy the favorable termination rule as to that initial sentence.

### B. Statute of Limitations

Defendants next argue that Plaintiff's claims must be dismissed because they were filed after the expiration of the applicable statute of limitations. Judge Saporito did not address this argument due to his determination of the Heck v. Humphrey issue in Defendants' favor. Upon review, the court finds Defendants' statute of limitations argument more persuasive.

Normally, the statute of limitations is an affirmative defense that should be raised in a defendant's answer. Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (citing Robinson v. Johnson, 313 F.3d 128, 134-35 (3d Cir. 2002)); FED. R. CIV. P. 8(c)(1). An exception to this rule is when "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Schmidt, 770 F.3d at 249 (quoting Robinson, 313 F.3d at 135). However, "[i]f the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." Robinson, 313 F.3d at 135 (citation omitted).

9

In actions based on 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations for personal injury claims. Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). In Pennsylvania, the statute of limitations for personal injury claims, and thus for § 1983 claims, is two years. Id. (citing 42 PA. CONS. STAT. § 5524(2)).

Federal law, rather than state law, governs when a cause of action accrues. Id. (citation omitted). "Under federal law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which [his] action is based." Id. (quoting Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998)). "Accrual is the occurrence of damages caused by a wrongful act—when a plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citations and internal quotation marks omitted). Generally, state tolling principles apply, unless they contradict federal law or policy, in which case federal tolling principles may apply. Kach, 589 F.3d at 639 (citation omitted).

In this case, Plaintiff avers that he did not receive a copy of the falsified SHR until four months after the April 2012 sentencing, or approximately August 2012. (Doc. 8 at 5). On August 28, 2013, Plaintiff's initial parole-revocation sentence was vacated by the Superior Court. On June 24, 2014, Plaintiff alleges that he cross-examined Ruzicki and Schaeffer and that "it was proven at this hearing that a majority of the violations contained in the report were false and unverifiable." (Id.) Plaintiff was then resentenced on September 17, 2014, "upon a showing that the false information significantly contributed to the Court's previous [April 2012] sentencing decision." (Id.) Plaintiff further avers that the Pennsylvania Department of Corrections Record Office at SCI Dallas "effectively held up

finality in the outcome by requesting clarification from the Court as to [its] intentions and causing Plaintiff to wait until his actual release date of December 17, 2014[,] to realize finality." (Id.)

Defendants contend that the two-year statute of limitations began running, at the very latest, when Plaintiff was resentenced on September 17, 2014. (Doc. 14 at 8). Because Plaintiff did not file the instant lawsuit until October 2016, they argue, his claims are time-barred. (Id.) Defendants further maintain that because Plaintiff's claims do not sound in malicious prosecution, there is no favorable termination requirement, and thus Plaintiff's attempt to assert that the two-year clock did not start running on his claims until December 17, 2014—when he was ultimately released from prison—cannot salvage his untimely civil rights action. (Id. at 7).

This court agrees that Plaintiff's claims, as pleaded, are patently time-barred. Even under the most liberal reading of Plaintiff's complaint, and assuming, without deciding, that the Heck rule[4] applies to defer the accrual date until Plaintiff was resentenced, his claims would have accrued, at the very latest, on September 17, 2014. According to Plaintiff's own complaint, it is at this time that he was given a more favorable parole-revocation sentence because he had successfully challenged the initial sentence that was based on the falsified SHR.

Thus, on the face of Plaintiff's complaint, his claims are unquestionably time-barred. Even assuming the Heck rule applies to Plaintiff's claims, he had two years, or until September 17, 2016, in which to file suit, but did not do so until October 21, 2016.

---

[4] Because of the requirements of Heck v. Humphrey, explained in detail supra, some § 1983 claims will not accrue until the underlying conviction or sentence is invalidated. This is true, for example, for claims sounding in malicious prosecution. See Curry, 835 F.3d at 379. The court does not decide at this time whether the Heck rule would apply to defer the accrual date of Plaintiff's § 1983 claims that sound in substantive due process and equal protection.

11

Moreover, Plaintiff provides no basis in his complaint to apply any state or federal tolling principles to toll the statute of limitations.

Accordingly, Plaintiff's § 1983 claims must be dismissed. Nevertheless, Plaintiff will be granted leave to amend to plead facts, if any, showing why his case should not be dismissed under the two-year statute of limitations applicable to his civil rights claims. See <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247, 251 (3d Cir. 2007).

*V.        Conclusion*

Plaintiff's § 1983 claims avoid dismissal under <u>Heck v. Humphrey</u>, but run afoul of the two-year statute of limitations. Therefore, Defendants' motion to dismiss will be granted, but Plaintiff will be permitted to amend his complaint. An appropriate order will follow.

<u>/s/ William W. Caldwell</u>
William W. Caldwell
United States District Judge